UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON R. O'KEEFE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 19-cv-08470-JCS<br><br>**ORDER DENYING MOTION TO REMAND AND ORDERING DISCOVERY**<br><br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Plaintiffs Alison and Jonathan O'Keefe brought this action in state court against Defendant Target Corporation and several Doe Defendants, asserting claims arising from an incident in a Target store where Alison O'Keefe was struck by a cart operated by at least one Doe Defendant employed by Target. After requesting and receiving a statement of damages from the O'Keefes, Target removed to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. The O'Keefes move to remand on the grounds that Target's removal was untimely and that an impending amendment, once the O'Keefes discover the identity of the employee or employees operating the cart, will destroy diversity. The Court finds the matter suitable for resolution without oral argument, and VACATES the hearing set for February 28, 2020. For the reasons discussed below, the motion to remand is DENIED, the O'Keefes are GRANTED leave to serve an early interrogatory as specified below no later than February 28, 2020, and, if they do so, Target is ORDERED to respond no later than March 13, 2020. If warranted by Target's interrogatory response, the O'Keefes may file a motion for leave to amend to identify one or more of the Doe Defendants and renewed motion to remand under 28 U.S.C. § 1447(e) no later than

March 27, 2020.[1]

## II. BACKGROUND

The O'Keefes allege that Alison O'Keefe was struck by a restocking cart in a Target store on August 2, 2019. Notice of Removal (dkt. 1) Ex. A (Compl.) ¶ 1. In addition to Target, the complaint names as defendants Does 1 through 5, identified only as Target employees who negligently operated the cart, and Does 6 through 10, identified only as owning the store and employing the first five Does jointly with Target. *See id.* ¶¶ 7–9. The complaint did not claim any particular amount of damages or provide any description Alison O'Keefe's injury. The O'Keefes filed this action in the California Superior Court for the County of Sonoma on October 7, 2019 and served Target on November 4, 2019. *See generally id.*

Target requested a statement of damages on December 2, 2019. Roger Dreyer Decl. (dkt. 8-1) Ex. D. On December 23, 2019, the O'Keefes provided Target with a statement of damages totaling close to ten million dollars. Notice of Removal Ex. B. Target removed to this Court on December 31, 2019. *See generally* Notice of Removal. The O'Keefes argue that Target should have known that the amount in controversy exceeded $75,000 earlier based on: (1) an incident report prepared by Target employees on the date of the accident, Mot. (dkt. 8) at 3 (citing Roger Dreyer Decl. Ex. A); (2) past experience with the O'Keefes' attorney, who "does not handle cases that have valuation of under $75,000" and instead specializes "in handling catastrophic injury cases," *id.* at 3–4; and (3) a December 9, 2019 email from the O'Keefes' attorney stating that Alison O'Keefe "suffered a serious head injury in the incident," *id.* at 4 (citing Roger Dreyer Decl. Ex. C). The O'Keefes also argue that the case should be remanded because Target "consent[ed] to personal jurisdiction at the state level" by answering the complaint in state court before removing, *id.* at 5, and that they expect that discovering the identity of the Doe Defendant who operated the cart will provide a separate basis for remand on account of a non-diverse defendant, *id.* at 5–6. The O'Keefes seek to recover their attorneys' fees and costs for what they contend is an improper removal. *Id.* at 6–7.

---

[1] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).

Target argues that its removal was timely because it had no indication that the amount in controversy exceeded the jurisdictional threshold[2] until it received the damages statement on December 23, 2019. Opp'n (dkt. 11) at 2–5. Target also contends that its filing of an answer has no effect on removal, and that the potential addition of an individual defendant is both unnecessary to the case and irrelevant to whether Target's removal without such a defendant being named was proper. *Id.* at 5–6.

The O'Keefes all but concede in their reply that Target's removal was timely under applicable Ninth Circuit precedent, but contend that allowing removal here is contrary to public policy and that, based on communications between counsel, Target was aware of the amount in controversy before receiving the O'Keefes' damages statement. Reply (dkt. 12) at 2. The O'Keefes devote the majority of their reply to arguing that they should be permitted to serve an early interrogatory to identify the Target employee who was pushing the cart at the time of the incident, and should be granted leave to amend their complaint to name that individual as a defendant. *Id.* at 2–5.

## III.   ANALYSIS

### A.   Legal Standard

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should generally be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

---

[2] Target erroneously states throughout its opposition brief that the amount in controversy must be more than $74,999 to invoke diversity jurisdiction. Under 28 U.S.C. § 1132(a), the amount in controversy must "exceed[] the sum or value of $75,000." That difference of one dollar is not material to the present motion.

3

1117 (9th Cir. 2004).

Target asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In relevant part, that statute provides federal courts with jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" that are between "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446(b)(1). "Except as provided [elsewhere in the statute], if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* § 1446(c)(3)(A).

The Ninth Circuit has rejected arguments that "clues" to removability should trigger a duty to investigate, and instead adopted a "bright-line approach" that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694, 697 (9th Cir. 2005).

> The jurisdictional and procedural interests served by a bright-line approach are obvious. First and foremost, objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading. Just as important, an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient "clue," whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.

4

> We are unpersuaded by the argument that a predictable rule will result in strategic delay in removal, thereby burdening the state courts with a case that will ultimately be removed. Once defendant is on notice of removability, the thirty-day period begins to run. Defendant has neither the incentive nor the ability to tinker with either actual notice or the time frame.
>
> Additionally, 28 U.S.C. § 1446(b) prevents, at least in the context of removal based on diversity, unreasonable waste of judicial resources by limiting the extended period of removal to one year after "commencement of the action." The one-year bar gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint. [Citation omitted.]
>
> Our reluctance to embrace [a "clues"-based] framework is also motivated by the concern that defendants may be encouraged to engage in premature removals in order to ensure that they do not waive their right to removal. Otherwise, defendants will be subject to a court's post-hoc consideration of whether there was a "clue" in the initial pleading and whether the defendant exercised due diligence to discover the grounds for removability. As observed in *Lovern*, the pressure to file a premature notice of removal may lead to the imposition of Rule 11 sanctions.
>
> Finally, we are not unmindful of the canon that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. [Citations omitted.] Our interpretation of 28 U.S.C. § 1446(b) is consistent with the goal of the canon, which guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation. By assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts.

*Id.* at 697–98 (footnotes omitted).

**B.  Target's Removal Was Proper**

All of the purported early indications of a sufficient amount in controversy on which the O'Keefes rely—the August 2019 incident report, which stated that Alison O'Keefe "almost passed out" and had pain in her right arm; the complaint, which does not describe her injuries at all; and the O'Keefes' attorney's usual practice of taking high-value cases—are at most the type of "clues" to potential removability that the Ninth Circuit held insufficient in *Harris*, and weak clues at that. As the panel noted in that case, questions of notice and timeliness invert the effect of the general rule to construe removal statutes narrowly, because a holding that Target should have removed at the slightest hint of a larger amount in controversy would encourage thinly-supported removals by parties fearing that any delay could imperil their potential rights to a federal forum. The approach

5

that Target took instead—asking the O'Keefes for an estimate of their damages, and removing a mere eight days after receiving a definitive statement of a sufficient amount in controversy—comports with the removal statutes, *Harris*, and considerations of efficiency for the parties and the courts.

Assuming for the sake of argument that informal communication between counsel could be sufficient to trigger the deadline for removal, the O'Keefes' argument that such communication here renders Target's removal untimely is frivolous. The only such communication identified by the O'Keefes is an email dated December 9, 2019. *See* Roger Dreyer Decl. Ex. C. Target removed the case on December 31, 2019—less than thirty days later. Accordingly, even if the thirty-day clock for § 1446's removal deadline began to run on December 9, 2019, the removal was timely.

To the extent that the O'Keefes' motion suggests that the case should be remanded based on their *intent* to amend to add an individual defendant, such an argument has no basis in law. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The O'Keefes have not yet identified the person they wish to name as a defendant, nor have they yet sought or received leave of the Court to so amend. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Even if the Court were to grant such leave, it is not yet clear whether the potential individual defendant is a citizen of California who would destroy diversity—it is conceivable that this person was not domiciled in California despite working here, or that they have since moved away before the O'Keefes filed this action. *See Harris*, 425 F.3d at 695–96 (noting that "[d]iversity jurisdiction is based on the status of the parties at the outset of the case," i.e., "the filing of the complaint"). Thus far, the O'Keefes have not shown that the case will ever be subject to remand, much less that remand is appropriate on their present complaint.

Finally, the O'Keefes cite no authority for their assertion that a defendant who has answered a complaint in state court forfeits any right it might have to remove. Removal on

6

account of diversity jurisdiction is based on *coextensive* federal court jurisdiction, not a lack of personal jurisdiction in the state court. Any act of acquiescence to the state court's jurisdiction is irrelevant.

The motion to remand is DENIED.

### C. The O'Keefes' Request for Discovery

In their reply brief, the O'Keefes seek a Court order authorizing them to serve a single interrogatory before the parties' initial conference under Rule 26(f), in order to determine the identity of any employees responsible for the operation of the cart on the day of the accident. Reply at 5. The O'Keefes' proposed interrogatory reads as follows:

> State the name of any and all employees of TARGET CORPORATION who caused, permitted, constructed, managed, operated, drove, maintained, inspected, and/or supervised the subject U-Boat [i.e., the cart involved in the accident] on August 2, 2019 at the subject location, 401 Kenilworth Drive, Petaluma, California, 92952.

Reply Ex. C. Aspects of that proposed interrogatory are nonsensical. For example, it is not clear what it would mean to "cause" or "permit" a cart. Moreover, the interrogatory goes well beyond the desired information described in the O'Keefes reply—the identity of "the individual pushing the U-boat," Reply at 5—and the extraneous information required in response not only imposes an added investigatory burden on Target, but also might well serve to obscure the identity of an appropriate additional defendant. In the interest of reaching an efficient resolution of whether amendment should be allowed and the case should be remanded, the Court instead authorizes the O'Keefes to serve the following interrogatory no later than February 28, 2020:[3]

> State the names of any and all employees of TARGET CORPORATION who operated, drove, or pushed the subject U-Boat cart at or immediately before the time of the incident involving Alison O'Keefe at approximately 1:10 PM on August 2, 2019 at the subject location, 401 Kenilworth Drive, Petaluma, California, 92952.

Target is ORDERED to respond no later than March 13, 2020.

---

[3] This limitation is without prejudice to the O'Keefes later pursuing the identities of other individuals potentially involved in the incident in the normal course of discovery.

7

## IV. CONCLUSION

For the reasons discussed above, the motion to remand is DENIED, without prejudice to the O'Keefes moving for leave to amend and remand under 28 U.S.C. § 1447(e) no later than March 27, 2020. The parties shall complete early discovery consisting of one interrogatory as stated above.

**IT IS SO ORDERED.**

Dated: February 25, 2020

JOSEPH C. SPERO
Chief Magistrate Judge