UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON R. O'KEEFE, et al., | Case No.  19-cv-08470-JCS |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMAND** |
| TARGET CORPORATION, et al., | Re: Dkt. No. 20 |
| Defendants. | |

Plaintiffs Alison and Jonathan O'Keefe brought this action in the California Superior Court for Sonoma County, where it was assigned case number SCV-265337, against Defendant Target Corporation and a number of then-unidentified Doe Defendants, alleging that Alison O'Keefe was injured by the negligence of one or more Target employees when she was struck by a restocking cart while shopping at a Target store.  Target removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  After the Court granted them leave to serve an early interrogatory, the O'Keefes have identified Tiago Bettencourt as the employee who allegedly pushed the cart that struck Alison O'Keefe, and the O'Keefes now move both to amend their complaint to identify Bettencourt as one of the Doe defendants and to remand to state court because Bettencourt, as a California citizen, destroys diversity.  Target opposes that motion, arguing that Bettencourt is a redundant defendant added solely to destroy diversity.  The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for May 1, 2020.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  District courts evaluating a request to add a defendant that would destroy diversity jurisdiction often consider factors including:

United States District Court
Northern District of California

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*E.g.*, *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *1 (N.D. Cal. May 10, 2010) (quoting *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)).

Those factors have been collected by district courts reviewing considerations that other courts have found relevant, but they do not derive from any mandatory authority addressing § 1447(e), and they are not a comprehensive or exclusive list of the factors that might weigh on this decision. Ultimately, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Orders remanding to state court under 28 U.S.C. § 1447(e) cannot be appealed. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) (citing 28 U.S.C. § 1447(d), (e)).

In this case, the O'Keefes' primary basis for holding Target liable is Bettencourt's conduct. There is no dispute that the addition of Bettencourt as a defendant would destroy the complete diversity of citizenship required for jurisdiction under 28 U.S.C. § 1332, nor that this Court lacks any other basis for jurisdiction over the O'Keefes' personal injury claims under California law. There is also no dispute that the proposed amended complaint states a claim against Bettencourt, that the O'Keefes could have included Bettencourt in place of a Doe defendant had they known his identity when they first filed this action, or that if they had done so, Target would have had no basis for removal. The case remains at an early stage, and no proceedings have occurred in this Court since removal except for denying a premature motion to remand and granting the O'Keefes leave to serve a single interrogatory to discover Bettencourt's identity. There is no practical benefit to Target's proposed alternative approach of requiring the O'Keefes to file a separate action against Bettencourt in state court and seek a stay of that action pending resolution of this case, nor is there any reason to require the O'Keefes to forego a facially valid claim against

Bettencourt merely because they can pursue similar relief against Target alone.  The O'Keefes'

motion to amend is GRANTED, and the case is REMANDED to the California Superior Court for

Sonoma County.

**IT IS SO ORDERED.**

Dated: April 15, 2020

_____

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California